IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| MILTON ANDERSON, #180 139 | * | |
| Plaintiff, | * | |
| v. | * | 2:11-CV-60-TMH |
| | | (WO) |
| STATE OF ALABAMA, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Staton Correctional Facility located in Elmore, Alabama, files this 42 U.S.C. § 1983 complaint alleging that Defendants have abridged rights, privileges, or immunities afforded him under the Constitution or laws of the United States. In his complaint, as amended, Plaintiff names as defendants the Alabama Legislative Branch (Senators and Representatives), as well as all legislatively-created agencies and agents.[1]  Defendants are sued in their official capacities. (*Doc. Nos. 1, 7.*) Plaintiff requests declaratory and injunctive relief and damages totaling $255 million. (*Doc. No. 1.*)

The court has carefully reviewed the allegations contained in Plaintiff's complaint, as amended. From that review, the court concludes that dismissal of the complaint prior to

---

[1] In his original complaint, Plaintiff named the State of Alabama as the sole defendant. Plaintiff's amended complaint contains a request to dismiss this defendant. (*See Doc. No. 7.*)

service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

## I. DISCUSSION

In this § 1983 action, Plaintiff alleges that the Alabama Constitution of 1901, the intent and agenda of which Plaintiff maintains was designed to establish and maintain white supremacy, is illegal and unconstitutional. According to Plaintiff, since this agenda was initiated, succeeding legislators have maintained an agenda of enacting "covert and overt anti-black laws." (*Doc. No. 7 at pg. 2*.) This conspiracy, Plaintiff maintains, has been ongoing and Defendants have created separate agencies and agents to aid in furtherance of the oppressive agenda. (*Id. and Doc. No. 1*.) Plaintiff further contends that each Defendant has "either actively participated in the maintainence [sic] of the white supremacy agenda or remained silent and was therefore a passive participant..." (*Doc. No. 7 at pg. 2*.) He also asserts that Defendants' successful maintenance of its "ancient system[] of oppression and slavery through its institutions and Laws . . is designed to creation conditions of poverty (Mentally and Physically) which in effect causes the Plaintiff (as well as those similarly situated) to depend upon 'Crime' (what the Defendants chose to <u>label</u> as crime) for life[']s most basic necessities . . .)." (*Doc. No. 1 at pg. 2*) (emphasis in original).  Plaintiff no longer wishes to be a citizen of the State of Alabama and seeks, among other things, his removal

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

from "bondage" and that he be allowed to "proceed as a 'FREE MAN ON THE LAND' in pursuit of his own honorable and lawful agenda and calling." (*Id. at pg. 6*) (emphasis in original).

Plaintiff's complaint fails to state a claim on which relief may be granted. While Plaintiff does not directly assert a challenge to his conviction or sentence, his contention that he is being illegally confined by the Alabama Department of Corrections and that he is entitled to a release from such confinement seeks relief which is, at least in part, in the nature of a writ of habeas corpus. This determination is made by focusing on the scope of relief actually sought by Plaintiff. *See Serio v. Members of the Louisiana State Board of Pardons,* 821 F.2d 1112 (5th Cir. 1987). In *Preiser v. Rodriguez,* 411 U.S. 475 (1973), the United States Supreme Court held that a challenge by a prisoner to the fact or duration of his confinement, and seeking immediate or earlier release from that confinement, must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action.

Here, the core of Plaintiff's allegations concern matters related to the validity and the legality of his current confinement. When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging the basis for ongoing detention or for a petition pursuant to § 2254 to attack a state court conviction, a prisoner fails to state a claim under § 1983. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500. A plaintiff, therefore, cannot seek

damages, or declaratory or injunctive relief relating to his confinement and/or conviction in a § 1983 action.³ *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)*; Heck v. Humphrey,* 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373(S.D. Fla. 2000).

Resolution of Plaintiff's claim in his favor, *i.e.,* a determination that Defendants are wrongly maintaining him in confinement, would necessarily imply that his confinement should be terminated or curtailed. Since Plaintiff has failed to allege or even suggest that his sentence of confinement has been invalidated or called into question by a court of competent jurisdiction in a separate proceeding, his claims fall squarely within the holdings of *Heck*, and *Balisok.* Accordingly, Plaintiff's cause of action under § 1983 for monetary damages, and declaratory and injunctive relief attributable to his alleged unconstitutional confinement has not yet accrued and this aspect of Plaintiff's § 1983 complaint is due to be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

Even if Plaintiff could maintain the instant § 1983 challenge to his confinement, he brings suit against the named defendants in their official capacities. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v.*

---

³Compensatory and punitive damages are available in a 42 U.S.C. § 1983 action but not by way of a writ of habeas corpus or a § 2254 petition. To recover damages for an allegedly unconstitutional confinement in a civil rights action, a plaintiff must prove that the underlying basis for his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. 486-87.

*Halderman*, 465 U.S. 89 (1984). This immunity extends to a defendant who acts as "an arm of the State." *Manders v. Lee,* 338 F.3d 1304 (11th Cir.2003). Alabama has not waived its Eleventh Amendment immunity, and Congress has not abrogated Alabama's immunity. *Cross v. State of Alabama,* 49 F.3d 1490, 1502 (11th Cir. 1995); *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990). *Alabama Constitution of 1901,* Article 1, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity.").

In *Pennhurst*, the court also determined that "[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.' Thus, '[t]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.' And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Id*. 465 U.S. at 101-02 (citations omitted). " 'The general rule is that a suit is against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," or if the effect of the judgment would be "to restrain the Government from acting, or to compel it to act." ' " *Id.* at 101 n. 11 (quoting *Dugan v. Rank,* 372 U.S. 609, 620 (1963)). "A plaintiff may not avoid [the Eleventh Amendment] bar simply by naming an individual state officer as a party in lieu of the State." *Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001). While the Eleventh Amendment does not generally prohibit suits against state officials in federal court seeking only prospective injunctive or declaratory relief, see *Ex parte Young*,

5

209 U.S. 123 (1908), unless the state officer has some authority to enforce the challenged law at issue, "the 'fiction' of *Ex Parte Young* cannot operate." *See Summit Medical Associates, P.C. v. Pryor,* 180 F.3d 1326, 1341 (11th Cir. 1999).

The court further notes that the Supreme Court has "recognized that state legislators enjoy common-law immunity from liability for their legislative acts" and that this immunity can shield officials against suits brought under 42 U.S.C. § 1983 seeking damages, declaratory relief, or injunctive relief. *Supreme Court of Va. v. Consumers Union of the U.S., Inc.,* 446 U.S. 719, 732 (1980) (citing *Tenney v. Brandhove,* 341 U.S. 367 (1951)); *see also Yeldell v. Cooper Green Hosp., Inc.,* 956 F.2d 1056, 1062 (11th Cir. 1992) (legislative immunity applies to "those acts which are 'necessary to preserve the integrity of the legislative process.' ") (quoting *United States v. Brewster,* 408 U.S. 501, 517 (1972)). In *Scott v. Taylor,* 405 F.3d 1251, 1257 (11th Cir. 2005), the Eleventh Circuit concluded that state legislators who act in their legislative capacities are entitled to absolute legislative immunity whether a suit seeks damages or prospective relief and regardless of whether the state legislators are named in their individual or official capacity. Because he seeks relief from defendants who are entitled to Eleventh Amendment immunity and/or absolute legislative immunity in their official capacities, Plaintiff's complaint is due to be dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendants "Alabama Legislative Branch" and "all

legislatively created agencies and agents" be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i-iii);

2. Plaintiff's challenge to the validity of his confinement be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. The complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 29, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

    Done, this 14th day of March 2011.


                         /s/Terry F. Moorer
                         TERRY F. MOORER
                         UNITED STATES MAGISTRATE JUDGE